**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Plaintiff,**

v.

**NORTH STAR STEEL COMPANY, INC., Defendant.**

**No. 4:CV–91–1179.**

United States District Court, M.D. Pennsylvania.

April 9, 1992.

Mark S. Refowich, Easton, PA, David Goldman, United Steelworkers of America, Pittsburgh, PA, for plaintiff.

Vincent Candiello, William J. Flannery, Morgan, Lewis & Bockius, Harrisburg, PA, for defendant.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned matter was initiated by a complaint filed on September 9, 1991. In that complaint the Plaintiff United Steelworkers of America asserts that Defendant North Star Steel Company violated the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et seq.*, as a result of North Star Steel Company's failure to give at least 60 days advance notice prior to laying off a substantial portion of its employees on or about February 25, 1991.

On February 24, 1992, the United Steelworkers of America filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure accompanied by a statement of material facts pursuant to Local Rule 401.4, supporting affidavits, and a memorandum of law in support of the motion. On March 24, 1992, North Star Steel Company filed its response. In that response North Star Steel Company con-

cedes that its actions constitute a "technical" violation subjecting it to liability under § 2102(a) of the Worker Adjustment and Retraining Notification Act of 1988. However, in that document North Star Steel Company argues that it is entitled to a reduction in the amount of damages to be awarded because its actions were taken in good faith and were not "callous." The United Steelworkers of America filed its reply brief on April 7, 1992, thereby making the matter ripe for disposition.

The Worker Adjustment and Retraining Notification Act of 1988 states that

> If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter, the Court may, in its discretion, reduce the amount of liability or penalty provided for in this section.

29 U.S.C. § 2104(a)(4). The United Steelworkers of America argues that North Star Steel Company is not entitled to any reduction pursuant to that section. In order to resolve the issue of whether North Star Steel Company is entitled to any reduction in the amount of liability or penalty, we review the circumstances of the plant closing.

There is no genuine issue of material fact and thus the United Steelworkers of America is entitled to judgment as a matter of law. The only remaining issue in this case is whether North Star Steel Company is entitled to a reduction in the amount of liability or penalty.

North Star Steel Company, Inc., operates a plant in Milton, Pennsylvania, which produces hot rolled steel bars and other steel products and employed over 280 individuals. The United Steelworkers of America, AFL–CIO–CLC, is the exclusive bargaining representative for approximately 250 production and maintenance employees of the North Star Steel Company who were employed at the Milton plant.

On February 25, 1991, North Star Steel Company ceased production and laid off approximately 270 employees which constituted almost its entire work force. The United Steelworkers of America did not receive any prior notice of the company's intention to shut down or lay off the employees. The Union first learned of the company's action on the date that it occurred. The Union has never received a notice pursuant to the Worker Adjustment and Retraining Notification Act of 1988 with respect to the company's action taken on February 25, 1991, or any explanation of the company's failure to provide such notice.

North Star Steel Company has not been in operation since the date it laid off its employees. The lay-off which occurred on that date has continued for more than six months and the vast majority of the employees laid off on that date have not returned to work.

North Star Steel Company's response to Plaintiffs' motion for summary judgment states that the plant closing was the result of two factors. Those factors are explained in the affidavit of John F. Smythe, the Vice-President for Industrial Relations for North Star Steel Company, which was submitted with North Star Steel Company's response to Plaintiff's motion for summary judgment.

In his affidavit Mr. Smythe explains that the decision to cease production at North Star Steel Company's Milton, Pennsylvania, factory

> was based, in part, on an earlier transformer failure which occurred on February 21, 1991. While the breakdown of the transformer would not have required North Star to cease all production and lay off the majority of the employees on February 25, 1991, the loss of the transformer would have caused some production to cease and considerable delay would have occurred before the unit was repaired.

Affidavit of John F. Smythe, ¶ 2.

The second reason which allegedly precipitated North Star Steel Company's decision to lay off its employees on February 25, 1991, was "poor market conditions." Id., ¶ 3. In his affidavit Mr. Smythe states that "[t]he Milton facility had 25,943 tons of inventory on hand on [February 25, 1991] which was almost twice the normal amount of inventory.

The Milton facility was almost at the limit of its storage capacity." Id.

In its response to Plaintiffs' motion for summary judgment, North Star Steel Company argues that because "no employer can be expected to be prescience (sic) of all events that may produce a WARN Act event," its liability should be reduced pursuant to 29 U.S.C. § 2104(a)(4).

However, that section states that in order for an employer to be entitled to a reduction of liability, the employer must prove both that "the act or omission that violated this Chapter was in good faith *and* that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter...." Id. (emphasis added). North Star Steel Company's argument that it is entitled to a reduction of liability because it acted in good faith disregards the language requiring the employer to have reasonable grounds for believing that its act or omission was not a violation of the Act. North Star Steel Company's statements fail to show that when it acted the company knew that its failure to provide notification was not a violation of the Worker Adjustment and Retraining Notification Act of 1988.

While Mr. Smythe's statements address the good faith portion of the test in section 2104(a)(4), there is no evidence on the record addressing whether North Star Steel had reasonable grounds for believing that the act or omission was not a violation of the Worker Adjustment and Retraining Notification Act of 1988.

North Star Steel Company's response to United Steelworkers of America's motion for summary judgment describes its position as being "in a classic 'Catch–22' situation." North Star Steel Company states that at the time it laid off the employees on February 25, 1991, it had no idea how long the lay-off would last. If the company had issued a notice in compliance with the Act on that date, it would have been a violation when issued; if the company proceeded as it actually has, then a violation would accrue when the other statutory prerequisites for a violation were fulfilled.

In the absence of any showing that North Star Steel "had reasonable grounds for be-lieving that the ... omission was not a violation," 29 U.S.C. § 2104(a)(4), of the Worker Adjustment and Retraining Notification Act of 1988, we are of the view that North Star Steel may not avail itself of the reduction in liability or penalty set forth in that section. Furthermore, North Star Steel Company's argument concedes that on February 25, 1991, North Star Steel Company knew its acts and omissions violated the Worker Adjustment and Retraining Notification Act of 1988.

The United Steelworkers of America's memorandum in support of its motion for summary judgment states the Union's belief that it is "likely that the parties will be able to stipulate to the precise amount and distribution of damages but requests an opportunity to resolve damage disputes on supplemental motion or at an evidentiary hearing." (United Steelworkers of America's memorandum in support of summary judgment, page 12.) Based on that statement, we will provide the parties an opportunity to stipulate to the precise amount and distribution of damages but will require the United Steelworkers of America to file either a status report or a supplemental motion in the near future.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The United Steelworkers of America's motion for summary judgment is granted.

2. North Star Steel Company, Inc., is not entitled to a reduction in the amount of liability or penalty provided for under the Worker Adjustment and Retraining Notification Act of 1988 pursuant to 29 U.S.C. § 2104(a)(4).

3. The United Steelworkers of America, within 60 days from the date of this order, shall file a status report regarding the parties' progress as to stipulating to damages, or a motion to place the case on a trial list, specifying a September, 1992, November, 1992, or January, 1993 list.

4. The Clerk shall enter judgment in favor of the United Steelworkers of America on the issue of liability.